**DELTEC, INC., Plaintiff,**

v.

**DUN & BRADSTREET, INC., Defendant.**

**Civ. No. 35805.**

United States District Court
N. D. Ohio, E. D.
Oct. 11, 1960.

Paul E. Stevens (of Stevens, Luckhart, Mumaw, Morrisroe & Zellers), Youngstown, Ohio, for plaintiff.

John H. Ranz (of Manchester, Bennett, Powers & Ullman), Youngstown, Ohio, for defendant.

CONNELL, District Judge.

Defendant has objected to plaintiff's interrogatory No. 5 which seeks the sources of information used in compiling and preparing the reports involved in this lawsuit. The interrogatory reads:

"If your answer to Interrogatory No. 1 is yes, list the sources of information, including names and addresses of persons, firms and corporations, used in compiling and preparing each report issued during the period from January 1, 1959, to December 1, 1959."

The basis for the objection is that such sources are privileged from disclosure by the provisions of Section 2739.12 of the Ohio Revised Code. This section, in pertinent part, reads:

"No person engaged in the work of, or connected with, or employed by any newspaper or any press association for the purposes of gathering, procuring, compiling, editing, disseminating, or publishing news shall be required to disclose the source of any information procured or obtained by such persons in the course of his employment, in any legal proceeding (or) trial * * ."

Defendant prints and publishes a report bi-monthly which is distributed to its subscribers throughout the United States. This report contains condensed information concerning the financial status of persons, firms and corporations engaged in business, and the subscribers, who number over 50,000 in the United States, are, upon request, furnished with detailed individual reports on the persons and firms listed.

The basis for defendant's claim that it comes within the protective aegis of Section 2739.12 is that it is a "periodical" as that term is used in Section 2739.-11 of the Ohio Revised Code. Plaintiff, in its brief in opposition, argues vehemently that defendant is not a periodical within Section 2739.11. As we read these sections, the question is not whether defendant is a "periodical", but whether it is a newspaper or press association within Section 2739.12, for it is this section, and this one alone, that affords a privilege against disclosure of news sources. Section 2739.11, thought by both parties to be controlling, specifically indicates that its definition of "newspaper" (which includes "magazine[s] or other periodicals") is applicable only to sections 2739.13 to 2739.18 inclusive. In turn, these named sections refer to "newspaper" or "newspaper company", never to "magazines or other periodicals". On the other hand, Section 2739.12 talks of "any newspaper or any press association", thus apparently recognizing that the definition of "newspaper" does not apply to Section 2739.12.

If the question were one of deciding whether defendant's publication was a periodical, we would not hesitate to so treat it, for the broad generalization used by the legislature in including all periodicals within the definition of newspaper indicates to us an intent on its part to include all news-collecting agencies within such definition, and it seems clear to us that defendant, in a very real sense, is a news-collecting agency, even though it limits its collecting to financial and quasi-legal news of the commercial world. But whether the type of report published by defendant comes within the more narrow confines of Section 2739.12 is a different question. Counsel have not cited, nor has research disclosed, any case authority in Ohio that even indirectly indicates a specific intent of the legislature in this area, although both parties conjecture that the clear public policy of the State of Ohio supports their respective claims.

Since there is no case authority to guide us in our interpretation of this statute, we must search the statute for some aid in making this decision. The legislature has specifically and clearly

protected newspaper reporters from disclosing their sources of information. By the same token, it is difficult for us to see how the legislature meant to include such a publication as defendant's within the same protection, for it would have been a simple thing to do if it so desired. "Periodical" is specifically included in the sections before and after Section 2739.12, but is conspicuously absent in Section 2739.12. We cannot, under these circumstances, stretch the meaning of "newspaper or any press association" to include defendant, and the very fact that the legislature chose these nouns indicates to us that it realized the ultimate and necessary effect of its language.

Defendant's objection to plaintiff's interrogatory No. 5 is overruled. An order may be prepared in accordance with the foregoing.